IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PHILLIP BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:22-cv-01361 |
| | ) | |
| TEHUM CARE SERVICES, INC., | ) | |
| a Texas corporation, | ) | JURY TRIAL DEMANDED |
| | ) | |
| CHS TX, INC., a Texas corporation DBA | ) | |
| YESCARE, | ) | |
| | ) | |
| YESCARE CORP, a Texas corporation, | ) | |
| | ) | |
| BRYON FARMER, in an individual | ) | |
| capacity, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| ANGELA ADAMS, in an individual | ) | |
| capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

For his Complaint, Plaintiff states the following:

### Introduction

1.     The day after Christmas in 2020, Phillip Buchanan had a stroke while showering at the prison in Bonne Terre, Missouri.  He presented to guards and medical staff with classic signs of a stroke. Instead of providing him with emergency care, he was accused of intoxication and placed in solitary confinement wearing only a plastic smock.

2.     Debilitated, confused, and in desperate need of treatment, he remained in isolation without treatment for four days.

**Parties and Predecessor Entities**

3. Plaintiff Phillip Buchanan is an individual currently incarcerated at the Algoa Correctional Center in Jefferson City, Missouri. At all relevant times, Mr. Buchanan was incarcerated at the Eastern Reception, Diagnostic and Correction Center ("ERDCC") in Bonne Terre, Missouri.

4. Defendant Bryon Farmer was, at all times relevant to this complaint, a nurse at the ERDCC and responsible for the treatment and assessment of Plaintiff. Defendant Farmer is sued in an individual capacity.

5. Defendant Angela Adams was, at all times relevant to this complaint, a nurse practitioner at ERDCC and responsible for the treatment and assessment of Plaintiff. Defendant Adams is sued in an individual capacity.

6. Defendants Angela Adams and Bryon Farmer were, at all relevant times, acting within the scope of their employment by Corizon, LLC, then a Missouri limited liability company. Corizon, LLC (known as Corizon, Inc. prior to an entity conversion) was a wholly owned subsidiary of Corizon Health, Inc., a Delaware corporation, and was contracted by the State of Missouri to provide medical services for individuals held in the Missouri Department of Corrections. Corizon Health, Inc. was Corizon, LLC's sole member and dominated and directed all of Corizon, LLC's activities. Corizon, LLC acted as Corizon Health, Inc.'s agent in the State of Missouri and the two entities held themselves out as a single enterprise and entity known as "Corizon" or "Corizon Health." The principal place of business for both entities was 205 Powell Place, Suite 104, Brentwood, Tennessee.

7.      In May of 2022, Corizon, LLC, Corizon Health, Inc., Valitas Health Services (Corizon Health, Inc.'s parent company), and Corizon Health of New Jersey, LLC merged under the Texas Business Organizations Code into Corizon Health, Inc.

8.      Immediately following this merger, Corizon Health Inc. underwent a "divisional merger" ("the Texas Two Step") under the Texas Business Organizations Code, creating an entity again known as Corizon Health, Inc. and an entity known as CHS TX, Inc.  Corizon Health, Inc. subsequently changed its name to Tehum Care Services, Inc.

9.      Defendant CHS TX, Inc. ("CHS TX") is a successor entity of Corizon.  CHS TX, Inc. is a Texas for-profit corporation formed on May 3, 2022, with its principal place of business at 205 Powell Place, Suite 104, Brentwood, Tennessee.  It is now a wholly owned subsidiary of YesCare Corp. and continues to provide medical services pursuant to existing Corizon, LLC contracts in the State of Missouri under the registered fictitious name of YesCare.  On the date of its formation, CHS TX absorbed substantially all of the assets of Corizon Health, Inc.

10.     Defendant YesCare Corp. (YesCare) is a Texas for-profit corporation formed on January 26, 2022.  Its principal place of business is also 205 Powell Place, Suite 104, Brentwood, Tennessee.  It is now the parent company of CHS TX, which does business under the name "YesCare."  YesCare dominates and directs CHS TX business and the entities hold themselves out to the public and clients as a single entity.  YesCare recently identified itself in the United States Court of Appeals for the Fourth Circuit as the successor corporation of Corizon Health, Inc.

11.     Defendant Tehum Care Services, Inc. ("Tehum") is a Texas for-profit corporation formed via the aforementioned "divisional merger" and registered in Missouri.  Its principal place of business is also 205 Powell Place, Suite 104, Brentwood, Tennessee.  Tehum was purportedly

assigned the existing tort liabilities associated with expired or terminated Corizon, LLC and Corizon Health, Inc. contracts.

## Jurisdiction and Venue

12. Plaintiff brings this action against Defendants pursuant to 42 U.S.C. § 1983 for Defendants' deprivation of Plaintiff's rights under the 8th Amendment to the United States Constitution.

13. Plaintiff asserts additional Missouri state law claims against Defendants CHS TX, YesCare, Tehum, Bryon Farmer, and Angela Adams.

14. This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331 and § 1343 and has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

15. Venue is proper under 28 U.S.C. §1391 because the events giving rise to the claims asserted occurred in Eastern District.

## Facts Common to All Counts

16. On December 26, 2020, Mr. Buchanan collapsed while showering at the prison in Bonne Terre. A "Code 16" medical emergency was called.

17. Mr. Buchanan complained to correctional staff of shortness of breath and right-side weakness.

18. Mr. Buchanan was assisted by correctional staff to the medical unit of the facility.

19. In addition to the information provided by correctional staff, Mr. Buchanan presented to the medical unit with the following symptoms:

    a. unclear speech

    b. sluggish eye tracking

    c. an unsteady gait

    d. stuttering and exhibited word searching.

20. The Medical Unit was staffed by Bryon Farmer who assessed Mr. Buchanan and continued to observe Mr. Buchanan for over an hour.

21. During the period that Defendant Farmer examined and observed Mr. Buchanan, he continued to exhibit these obvious signs of a potential stroke.

22. Defendant Farmer did not conduct proper diagnostic testing, did not contact a physician, and did not seek appropriate emergency medical care.

23. Defendant Farmer's purported basis for not seeking emergency medical care was that Mr. Buchanan was under the influence of a "toxic substance." This was untrue. However, even if Defendant Farmer believed this to be the case, he knew that this would not negate the necessity of emergency medical care.

24. Mr. Buchanan was placed, at Defendant Farmer's request, in administrative segregation, wearing nothing but a plastic smock while suffering the after-effects of a stroke. The purported rationale was for "close observation."

25. Defendant Farmer did not ensure that there was medical follow-up. The medical and mental health records reveal that no medical or mental health professionals visited Mr. Buchanan in solitary confinement on December 27, 2020, the day following his stroke. No vitals were taken on December 27th or December 28th.

26. Over the course of four days, Mr. Buchanan remained in isolation, continued to show signs of confusion, inability to communicate, disorientation, and an inability to walk without stumbling.

27.     Defendant Adams became aware of Mr. Buchanan's condition, at the latest, on December 29, 2020.  She was informed by a nurse that Mr. Buchanan's symptoms persisted and he was unable to state when he was born or where he lived.  She did not visit him that day.

28.     On December 30, 2020, Defendant Adams was informed by a psychiatrist that Mr. Buchanan had the following symptoms:

      a. Expressive aphasia

      b. Slow and garbled speech

      c. Confusion

      d. Tongue deviating to the right with right-side drool

      e. Left-side droop of the lip

      f. Right-side weakness

29.     At 2:00 PM on December 30, 2020, Mr. Buchanan was finally transferred from Administrative Segregation to the Trauma Care Unit for medical intervention. Defendant Angela Adams noted the following observable symptoms:

      a. Expressive Aphasia

      b. Difficulty Swallowing

      c. Difficulty speaking and answering questions.

      d. A 1.5 cm Abrasion on Right Cheek with bruising.

      e. Pain in right leg and right arm.

      f. Inability to follow commands during hand grip checks.

30.     Despite the above observations, Defendant Adams did not arrange for emergency medical treatment for Mr. Buchanan on December 30, 2020.

31. On December 31, 2020, Mr. Buchanan was finally transferred to Mercy Hospital Jefferson County.

32. The extraordinary delay in treatment occasioned by the actions of Defendants Farmer and Adams meant that thrombolytic treatment, the single most important intervention for reducing the long-term impact of a stroke, was not a possibility.

33. Mr. Buchanan was hospitalized from December 31, 2020 until January 8, 2021.

## COUNT I
### Deprivation of Eighth Amendment Right to Medical Care
### Against Defendants Farmer and Adams.

34. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs.

35. Mr. Buchanan had an obvious and objectively serious medical need.

36. As described above, Farmer and Adams had knowledge of Mr. Buchanan's physical condition and knew that this condition necessitated emergency medical treatment. They exhibited deliberate indifference by deliberately disregarding this and by failing to provide (or arrange for) this treatment.

37. Mr. Buchanan's condition was so obvious that even a layperson would easily recognize the necessity for emergency treatment.

38. As a direct and proximate result of the failure of Defendants Farmer and Adams, Plaintiff has suffered and will continue to suffer damages, including but not limited to physical pain, physical impairment, mental anguish, emotional distress, lost wages, medical bills, and loss of capacity to enjoy life.

39. The acts and omissions of Defendants Farmer and Adams were outrageous because of their conscious disregard and reckless indifference to the rights of Plaintiff warranting an award of punitive and exemplary damages.

## COUNT II
### Deprivation of Eighth Amendment Right to Medical Care
### Against Defendants CHS TX, Inc., YesCare Corp., and Tehum Care Services, Inc.

40. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs.

41. Corizon, LLC and Corizon Health, Inc. assumed the constitutional obligations of the State of Missouri to provide medical care to individuals incarcerated by the Missouri Department of Corrections.

42. Corizon, LLC and Corizon Health, Inc., while acting under color of state law, deprived Mr. Buchanan of his right to adequate medical care.

43. Corizon, LLC and Corizon Health, Inc. had a policy or unwritten custom of systematically avoiding the provision of hospital-based care to the detriment of incarcerated individuals. This policy or unwritten custom was the direct cause or driving force behind the injury to Mr. Buchanan.

44. Corizon, LLC and Corizon Health, Inc., despite knowing that strokes require immediate action, failed to train its employees on the appropriate assessment and protocols for individuals presenting with the signs of a stroke. This failure to train was the direct cause of driving force behind the injury to Mr. Buchanan.

45. As a direct and proximate result of the foregoing, Plaintiff has suffered and will continue to suffer damages, including but not limited to physical pain, physical impairment, mental anguish, emotional distress, lost wages, medical bills, and loss of capacity to enjoy life.

46. The acts and omissions of Corizon were outrageous because of their conscious disregard and reckless indifference to the rights of Plaintiff warranting an award of punitive and exemplary damages.

47. CHS TX is a successor entity of Corizon and subject to successor liability for the following reasons:

   a. Substantially all of Corizon's assets were transferred to CHS TX.

   b. CHS TX is a mere continuation of Corizon, sharing a common identity of officers, conducting identical business operation and, upon information and belief, utilizing the same bank accounts.

   c. The transactions preceding its creation amount to a merger.

48. YesCare is a successor entity of Corizon and subject to successor liability for the following reasons:

   a. YesCare is a mere continuation of Corizon, sharing a common identity of officers, conducting identical business operation and, upon information and belief, utilizing the same bank accounts.

   b. The transactions preceding described previously and YesCare's subsequent purchase of CHS TX amount to a merger.

**COUNT III**
**Negligence/Medical Malpractice**
**Against Defendants CHS TX, Inc., YesCare Corp., Tehum Care Services, Inc., Farmer, and Adams**

49. Plaintiff incorporates by reference each and every allegation contained in the above paragraphs.

50. Corizon and Defendants Farmer and Adams failed to use that degree of skill and learning ordinarily used under the same or similar circumstances by members of their profession,

and were thereby negligent. Specifically, Corizon and Defendants Farmer and Adams had a duty to properly assess Mr. Buchanan and to ensure that he received emergency medical care. Further, Corizon and Defendants Farmer and Adams had a duty to ensure that Mr. Buchanan was medically monitored. These obligations were ongoing throughout the time that Mr. Buchanan was held in solitary confinement subsequent to his stroke and Corizon and Defendants Farmer and Adams failed to provide these most basic essential services.

51. As a direct and proximate result of the failure of Corizon and Defendants Farmer and Adams, Plaintiff has suffered and will continue to suffer damages, including but not limited to physical pain, physical impairment, mental anguish, emotional distress, lost wages, medical bills, and loss of capacity to enjoy life.

52. The injuries caused by Defendants Farmer and Adams occurred within the scope of their employment by Corizon.

53. Defendants CHS TX, YesCare, and Tehum are vicariously liable as successors of Corizon for the reasons set forth in paragraphs 47 and 48.

## JURY DEMAND

54. Plaintiff hereby demands a trial by jury for all issues in this matter.

WHEREFORE, Plaintiff prays for a Judgment against Defendants, jointly and severally, for damages for physical injuries, for medical costs incurred and to be incurred, and other compensatory damages in an amount to be determined at trial, punitive damages (as to counts 1 and 2) against all defendants in an amount to be determined at trial, attorney's fees (as to counts 1 and 2), costs and disbursements pursuant to law, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Brendan Roediger
Brendan Roediger, #6287213IL
Matt Vigil, #64215MO
St. Louis University Legal Clinic
100 N. Tucker Blvd., Suite 704
St. Louis, MO 63101
(314) 977-2778
brendan.roediger@slu.edu

/s/ Matt Vigil
Matt Vigil, #64215MO
St. Louis University Legal Clinic
100 N. Tucker Blvd., Suite 704
St. Louis, MO 63101
(314) 977-2778
matt.vigil@slu.edu